UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART PIVAR,<br><br>        Plaintiff,<br><br>vs.<br><br>THE VAN GOGH MUSEUM,<br><br>        Defendant | Civ A No. 1:21-cv-09362-LLS |

## **DECLARATION OF CATHALIJNE VAN DER PLAS**

I, Cathalijne van der Plas, make the following declaration:

1. I am a partner with the law firm JahaeRaymakers in Amsterdam. My registered principal legal practice area is civil procedural law. I focus my practice on private international law, which includes what American law calls conflict of laws, *forum non conveniens,* international judicial assistance, recognition of foreign judgments, and similar topics. In addition to my private practice, I am a Professor of Private International Law at Leiden University, a fellow of the International Academy of Financial Crime Litigators, a member of the General Board of the Royal Netherlands Society of International Law, the co-chair of the IFCC Asset Recovery Chamber, and a member of the Dutch Arbitration Association. I received my master's degree in law in 1998 and my Ph.D. in private international law in 2005, both from Radboud University in Nijmegen. A true copy of my curriculum vitae is attached to this Declaration as Exhibit 1.

2. My law firm represents the Van Gogh Museum Foundation ("the Museum"). I am aware that the plaintiff, Stuart Pivar, an American, has brought an action against the Museum in

New York asserting claims of breach of contract and negligence against the Museum relating to the opinion the Museum provided to him regarding the authenticity of a painting he owns, which he believes was painted by Vincent Van Gogh. I have read Mr. Pivar's complaint. I have also read and am familiar with the "General Terms and Conditions of the Van Gogh Museum Foundation for purposes of Researching Authenticity" ("the General Terms and Conditions"), which Mr. Pivar attached to his complaint, including the choice of forum clause contained in section 11.2 thereof ("the Choice of Forum Clause").

3. The Museum's American counsel has informed me that American law governs the question of *effectiveness* of the Choice of Forum Clause but Dutch law governs the *interpretation* of this clause, given the parties' choice of Dutch law to govern. American counsel has therefore asked me to provide an explanation of Dutch law on the following two points: first, is the Choice of Forum Clause exclusive? That is, should it be interpreted as meaning that the parties agreed that disputes may be brought solely in the Dutch courts, to the exclusion of all other courts? Second, should the Choice of Forum Clause be interpreted as applying to the claims that Mr. Pivar has asserted? In answering these questions, I will limit myself to the interpretation of the clause under Dutch law. As I have been informed that all other issues pertaining to the Choice of Forum Clause are covered by American law - which is not within my expertise - I will not address those other issues. For the purposes of this declaration I will thus also assume that the Choice of Forum Clause is effective and enforceable.

4. The Choice of Forum Clause reads as follows:

> To the extent that national or international rules of law do not mandatorily provide otherwise, any disputes in the matter of or arising from or related to these Terms and Conditions or the contractual and extra-contractual obligations arising therefrom or related thereto will solely be submitted for settlement to the competent court in Amsterdam.

*Applicable standard*

5.	Under Dutch law, to determine whether a choice of forum clause is exclusive, the Court must interpret the clause. *See* Memorie van Toelichting, Kamerstukken II 1999-2000, 26 885 nr. 3, p. 38; Prof. P. Vlas in *GS Rechtsvordering,* art. 8 lid 2 Rv (aant. 3); M. Zilinsky in T&C Rechtsvordering (2021), art. 8 lid 2 Rv (aant. 4). See also, for example, Court of First Instance of Limburg, ECLI:NL:RBLIM:2021:7174, para. 4.3. The same goes for the scope of a choice of forum clause. *See* Dutch Supreme Court, 9 Nov. 2012, ECLI:NL:HR:2012:BX0331, para. 3.4.1 (*En'kov/Ingosstrakh Insurance Co*.). The interpretation of a choice of forum clause depends on its wording and the meaning that the parties could reasonably ascribe to it and what they reasonably could expect from each other. *See*, for example, Court of Appeal of The Hague, 15 Oct. 2013, ECLI:NL:GHDHA:2013:3895, para. 13.4. This is the same standard as that applicable to the interpretation of other contractual clauses.[1] See Dutch Supreme Court 13 March 1981, NJ 1981, 635 (*Haviltex*) and P.H.L.M. Kuyper, *Forumkeuze in het Nederlandse IPR* (Recht & Praktijk nr. 159), Deventer: Kluwer 2008, nr. 10.3.4. In this case, I understand from the Museum's American counsel that there was no discussion of the General Terms and Conditions between the parties or negotiation concerning their terms, which are standard terms, and thus in my view the wording of the Choice of Forum Clause carries important weight.

---

[1] Most of the sources and authorities cited in this declaration pertain to art. 8 (2) of the Dutch Code of Civil Procedure ("DCCP"). This article stipulates that Dutch courts have no jurisdiction if parties, with regard to a specific legal relationship that only affects their own interests, have, by agreement, exclusively selected a specific judge or a foreign court to consider disputes that have arisen or may arise out of this legal relationship. In my view, however, these sources and authorities are equally applicable when, as in the present case, a choice of forum clause is interpreted outside the context of art. 8(2) DCCP. This because in both situations it is clear that the applicable test comes down to an application of the so-called *Haviltex* case law of the Dutch Supreme Court on the interpretation of contractual clauses.

*Exclusivity of the choice of forum clause*

6. Even a choice of forum clause that is formulated with a general wording, that does not contain words such as "exclusive" or "solely," may nevertheless be exclusive. See P.H.L.M. Kuyper, *Forumkeuze in het Nederlandse IPR* (Recht & Praktijk nr. 159), Deventer: Kluwer 2008, nr. 10.3.4. and Court of First Instance of Rotterdam 11 August 2008, ECLI:NL:RBROT:2010:BN8271, para. 4.6. See also Court of First Instance of Limburg, ECLI:NL:RBLIM:2021:7174, para. 4.3 in which the CFI considered that the basic principle is that the jurisdiction of the designated court is exclusive, unless the parties have agreed otherwise. See furthermore Court of Appeal of The Hague, 28 January 2020, ECLI:NL:GHDHA:2020:1005, par. 5.49 in which the CoA considered that it failed to see what the purpose of a choice of forum clause is if such a clause did not mean that the court mentioned therein has exclusive jurisdiction.

7. I note here that in this particular matter one does not even have to resort to such assumptions about exclusivity as the Choice of Forum Clause *does* contain the word "solely". If the choice of forum clause expressly states that it is exclusive, it has to be considered exclusive. See P.H.L.M. Kuyper, *Forumkeuze in het Nederlandse IPR* (Recht & Praktijk nr. 159), Deventer: Kluwer 2008, nr. 10.3.4.

8. I also note here that the General Terms and Conditions include not only a choice of forum clause for the competent court in Amsterdam but also a choice of law clause for Dutch law (section 11.1). Furthermore, it follows from the General Terms and Conditions that the service is provided in Amsterdam (see section 3.3. and 4.4). In my view, it clearly follows from the totality of these provisions that any dispute between the Museum and a party asking for the opinion is to be settled within the Dutch legal sphere by the Dutch judiciary. After all, Dutch

courts are not only the most experienced in applying Dutch law but litigation in the Netherlands would also be considerably less expensive for the Museum. This, in turn, is in line with the fact that the service is rendered free of charge (see section 5.1) by a cultural non-profit organization.

9.      All in all, I believe that under Dutch law the Choice of Forum Clause should be interpreted as being exclusive. The fact that Mr. Pivar may have asked for the opinion in his capacity as a private art collector whereas the Museum gave the opinion as an organization acting in the exercise of its professional activities does, in my view, not lead to another interpretation of the Choice of Forum Clause.

*Scope of the choice of forum clause*

10.     Given the clear and broad wording of the Choice of Forum Clause with regard to its scope ("any disputes in the matter of or arising from or related to these Terms and Conditions or the contractual and extra-contractual obligations arising therefrom or related thereto"), and given the self-evidently close relationship between Mr. Pivar's claim for negligence and his claim for breach of the General Terms and Conditions, I believe that interpretation of this clause under Dutch law would lead to the conclusion that both of Mr. Pivar's claims are within the scope of the Choice of Forum Clause. See e.g. Court of First Instance of Rotterdam 11 August 2008, ECLI:NL:RBROT:2010:BN8271, para. 4.6 in which the CFI decided that the claims were covered by the choice of forum clause because of the broad wording. See also Court of Appeal 's-Hertogenbosch, 17 September 2013, ECLI:NL:GHSHE:2013:4274, para. 4.12 in which the CoA considered that it follows from the broad wording of the choice of forum clause, the choice of law clause (which referred to Dutch law) and the clause stipulating that the place of delivery is in the Netherlands, that the defendant wanted all disputes with its counterparty that are in any way related to the agreement to be dealt with before the court of its own domicile. The CoA

concluded that as there were no legal relations between the parties outside the contract, the choice of forum covered, in principle, all disputes that arise between the parties. Applying this line of reasoning to the case at hand, leads to the same outcome (see also my analysis above in para. 8 and 9).

11.     All in all, I believe that under Dutch law the Choice of Forum Clause is to be interpreted as covering all of Mr. Pivar's claims.

*Conclusion*

12.     Therefore, I conclude that under Dutch law the most likely interpretation of the Choice of Forum Clause is that it is both exclusive and covers all of Mr. Pivar's claims.

*Remote proceedings during Covid*

13.     It is my experience that Dutch civil courts also make it possible for litigants or witnesses to appear remotely in appropriate cases. Measures taken by the courts because of COVID are published online (See https://www.rechtspraak.nl/coronavirus-(COVID-19)/Paginas/tijdelijke-regelingen.aspx#tabs). From the measures that are currently applicable it follows that in civil cases business continues as usual and oral hearings are as much as possible online or via telephone (See https://www.rechtspraak.nl/SiteCollectionDocuments/Tijdelijke-regeling-voor-handel-en-kantonzaken.pdf). Furthermore, Dutch civil courts accept evidence in

English, usually without requiring a translation (See https://www.rechtspraak.nl/SiteCollectionDocuments/landelijk-procesreglement-voor-civiele-dagvaardingszaken-bij-de-rechtbanken-102019.pdf, section 2.5).

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 15, 2021

                                                  Cathalijne van der Plas

2

<u>CERTIFICATE OF SERVICE</u>

I certify that on December 21, 2021, I served the foregoing document by first-class mail, postage prepaid, on counsel of record for the plaintiff.

*/s/ Theodore J. Folkman*