UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

STUART PIVAR,

                        Plaintiff,

                                                        Civ. A. No. 1:21-cv-09362-LLS
   -against-

THE VAN GOGH MUSEUM,

                        Defendant.
----------------------------------------------------------------x

**MEMORANDUM OF LAW OF STUART PIVAR IN OPPOSITION TO MOTION TO DISMISS OF THE VAN GOGH MUSEUM**

February 2, 2022

                                                          The Law Offices of Mitchell Cantor
                                                          225 Broadway, Suite 1515
                                                          New York, NY 10007
                                                          (917) 621-5802
                                                          mc@mcantorlawoffice.com
                                                          Attorney for plaintiff Stuart Pivar

1

## TABLE OF CONTENTS

## TABLE OF CONTENTS

PRELIMINARY STATEMENT — p. 4

STATEMENT OF MATERIAL FACTS — p. 4

ARGUMENT — p. 5

    I. THE FORUM AND LAW SELECTION CLAUSES SHOULD NOT APPLY — p. 5

        A. The Forum and Choice of Law Selection provisions incorporated by reference into the contract between the parties were not freely negotiated and were imposed upon an aged plaintiff with reduced understanding.

    II. THE COURT DOES NOT LACK JURISDICTION — p. 8

        A. Defendant routinely transacts business in New York and in doing so satisfies the minimum standards for New York long arm jurisdiction.

    III. CONCLUSION — p. 11

## TABLE OF AUTHORITIES

### Cases

Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 N.Y. 3d 65, 71 (2006) — p. 10

Fischbarg v Doucet, 9 N.Y.3d 375, 380 (2007) — p. 10

Gillman v. Chase Manhattan Bank, 73 N.Y.2d 1 (1988) — p. 7

International Shoe Co. v. Washington, 326 U.S. 310 (1945) — p. 10

Kreutter v McFadden Oil Corp., 71 N.Y.2d 460, 467 (1988) — p. 10

Licci v Lebanese Can. Bank, 20 N.Y.3d 327, 339-40 (2012) — p. 10

Matter of Love'M Sheltering, Inc. v. County of Suffolk, 33 A.D.3d 923 (2006) — p. 7

McGowan v Smith, 52 N.Y.2d 268 (1981) — p. 10

McKee Elec. Co. v Rauland-Borg Corp., 20 N.Y.2d 377, 382 (1967) — p. 10

Molino v. Sagamore, 105 A.D.3d 922 (2013) — p. 7

Simar Holding Corp. v. GSC, 87 A.D.3d 688 (2011) — p. 7

State of New York v. Wolowitz, 96 A.D.2d 47 (1983) — p. 7

### Statutes

CPLR Section 302(a) — p. 9

CPLR Section 302(a)(1) — p. 9

## PRELIMINARY STATEMENT

Defendant brings the current motion prematurely before filing an answer on purely procedural and jurisdictional grounds. In doing so, it seeks to have the current action dismissed on the basis on a foreign choice of forum and of law provision contained in the General Terms and Conditions of the Van Gogh Museum Foundation for Purposes of Researching Authenticity ("General Terms") which was never even executed by plaintiff but which consisted of a preprinted appendix to a one page authentication contract which plaintiff signed without negotiation in order to submit his painting for authentication to the defendant. Defendant also argues that it lacks minimum contacts with New York as to justify New York courts exercising jurisdiction over it. That premise is simply untrue.

## STATEMENT OF MATERIAL FACTS

Pivar is ninety one years old and possesses an extensive, varied and very valuable collection of fine paintings and sculpture, including, inter alia, the painting entitled Auvers, 1890 ("Painting") which the plaintiff has attributed to Vincent Van Gogh.

On or about May 14, 2021 plaintiff submitted an authentication request to the defendant on the form provided by defendant for the public to do so ("Authentication Form") and in accordance therewith submitted electronic images of the Painting to the defendant as per the Authentication Form. The Authentication Form was a one-page form which was not subject to negotiation and which purported to incorporate the General Terms by reference only. Plaintiff never had an opportunity to negotiate either the Authentication Form or the General Terms. Plaintiff, as a gentleman of advanced age, did not review the General Terms which were only incorporated by reference into the Authentication Form that he actually signed and was at no time cognizant that he

was purportedly agreeing to litigate any dispute with the defendant under Dutch law and in Amsterdam, the Netherlands.

The defendant admits that it is the world's leading repository of the works of Vincent Van Gogh and the world's leader in connection with Van Gogh scholarship. As such defendant has a monopoly on the market for Van Gogh scholarship and authentication. Defendant also lends artwork worldwide on a regular and routine basis and that includes loans to New York institutions. As such, defendant lent a van Gogh Self Portrait from its collection to the Morgan Library and Museum ("Morgan") in New York City from September 28, 2007 to January 6, 2008 for the Van Gogh exhibition which was exhibited there entitled "Painted with Words".

## ARGUMENT

I. THE FORUM AND LAW SELECTION CLAUSES SHOULD NOT APPLY

    A. The Forum and Choice of Law Selection provisions incorporated by reference into the contract between the parties were not freely negotiated and were imposed upon an aged plaintiff with reduced understanding.

Plaintiff is a ninety-one year old gentleman who wished only to have the Painting, which he firmly believed to be by Van Gogh, authenticated by the defendant, which is generally accepted as the world's leading authority on Van Gogh's works and which admittedly houses the world's greatest collection of those works. To that end plaintiff blithely executed a one-page Authentication Form provided by defendant on its website to the general public without negotiation or discussion and submitted it along with jpeg photographs of the Painting to the defendant for authentication. There was no negotiation between the parties and there are none alleged by defendant. The General Terms, which provide for the imposition of Dutch law and of venue in the Netherlands in the event of a dispute between the parties, was neither discussed nor contained in the actual agreement which plaintiff executed. The General Terms were merely incorporated by reference. The Authentication Agreement

and in particular the General Terms therefore constitute a classic contract of adhesion between two parties with vastly disproportionate bargaining power: there is the plaintiff, an elderly New Yorker desperately hopeful that his Painting may turn out to be a wildly valuable work by Vincent Van Gogh, and the defendant, an international museum with a collection worth several billion dollars and which has the ability like the alchemists of old to create gold by certifying a Painting as an authentic Van Gogh.

It is especially important to note that provisions of the General Terms upon which defendant relies were not actually part of the agreement which Plaintiff executed but were incorporated by reference in such a way that they were not consciously understood or even acknowledged by the nine-one year old Plaintiff. He was never consciously cognizant of the import of those General Terms, which is that he would be required to litigate any claims against the defendant in the Netherlands under Dutch law in the event he found himself aggrieved.

Plaintiff hardly even leaves his apartment on Manhattan's Upper West Side, while the defendant is one of the world's leading museums with an international scope and which routinely participates in exhibitions and activities in the United States and around the world. In fact Defendant is currently lending artwork from its collection to an exhibition at the Columbus Ohio Museum of Art in the United States entitled "Through Vincent's Eyes – Van Gogh and His Sources", and which is on exhibit from November 12, 2021 to February 6, 2022. Weighing the respective burdens upon the parties, it defies credulity to require an elderly New Yorker to engage Dutch counsel and pursue his claims against defendant in the Netherlands while defendant actively engages in exhibitions and their related activities throughout the United States and clearly commands an entire team of persons comfortable and adept at doing so.

The supporting declarations of Cathalijne Van Der Plas ("Van Der Plas") and of Marije Vellekoop ("Vellekoop") are inapposite. First, neither one has been notarized. More importantly, the declaration of Van Der Plas is irrelevant to whether the agreement was a contact of adhesion. This is an issue that the defendant fails to address because it cannot answer it satisfactorily. And if anything, the declaration of Vellekoop, wherein it is stated that the defendant is *"home to the world's largest collection of Van Gogh's works, including more than 200 paintings, 500 drawings, and more than 800 letters"* proves plaintiff's assertions and establishes defendant's vastly disproportionate bargaining power. Ms. Vellekoop further states that *"We receive hundreds of requests each year seeking an opinion regarding the authenticity of works attributed by their owners to Van Gogh. The Museum provides its opinion on authenticity to art owners **around the world** free of charge"*. This last statement makes it clear the extent to which the activities of the defendant are worldwide in scope. These activities extend to New York. As such defendant has minimum contacts with New York necessary for New York Courts to assert jurisdiction over it as well.

"A contract of adhesion contains terms that are unfair and nonnegotiable and arises from a disparity of bargaining power or oppressive tactics." Molino v.Sagamore, 105 A.D.3d 922 (2013) quoting Matter of Love'M Sheltering, Inc. v. County of Suffolk, 33 A.D.3d 923 (2006). "A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made." Simar Holding Corp. v. GSC, 87 A.D.3d 688 (2011) quoting Gillman v. Chase Manhattan Bank, 73 N.Y.2d 1 (1988). "In determining the conscionability of a contract, no set weight is to be given any one factor; each case must be decided on its own facts". State of New York v. Wolowitz, 96 A.D.2d 47 (1983). "However [in general, it can be said that] procedural and substantive unconscionability operate on a sliding scale; the more

questionable the meaningfulness of choice, the less imbalance in the contracts terms should be tolerated and vice versa. Simar Holding Corp., op. cit.

In the case at bar, the contract clause in question requires a 91 year old New Yorker to litigate his claims against defendant in a foreign country pursuant to foreign law and to do so pursuant to an appendix which was not even a part of the contact that he signed but merely incorporated by reference. Plaintiff had no choice – defendant has total control of the market in the authentication of works of art by Van Gogh by defendant's own admission. This particular clause was both procedurally and substantively unconscionable in that, unlike the case of a form contact proffered by an airline or internet provider, defendant had no competition whatsoever in the authentication of works of art attributed to Vincent Van Gogh and plaintiff had no leverage whatsoever. Moreover, the choice of law and forum provisions in defendant's agreement require plaintiff to consent to litigation in a foreign country under a foreign law which is not even akin to the Anglo American system of jurisprudence but derived from unrelated sources. And while defendant claims that plaintiff's testimony could be presented in English, defendant has said nothing about the language of the proceedings in general, which can only be assumed to be conducted in Dutch, the official language of the Netherlands and of the Amsterdam courts. This clause is clearly an unfair contract of adhesion and must be rejected.

II. THE COURT DOES NOT LACK JURISDICTION

    A. Defendant routinely transacts business in New York and in doing so satisfies the minimum standards for New York long arm jurisdiction.

Defendant routinely and regularly lends artwork from its collection to exhibits in New York and engages in commercial activities in connection with those exhibits which can continue for long after the exhibit ends. As such, defendant lent a van Gogh Self Portrait from its collection to the Morgan Library and Museum ("Morgan") in New York City from September 28, 2007 to January 6,

2008 for the Van Gogh exhibition which was exhibited there entitled "Painted with Words". Although this exhibit ended fourteen years ago, imagery owned by the defendant was featured on the website of the Morgan shop with the implication that it was currently or recently for sale at or from the Morgan shop in New York City as of February 1, 2022.

The Morgan shop features at least three items for sale in New York which reproduce works of art by Van Gogh held in the permanent collection of the defendant. These three works include (a) an Old Vineyard and Landscape Bag, 1890; (b) a Self Portrait with Straw Hat Bag, 1887, and (c) a Van Gogh The Bedroom Mini Metal Tray.

Both of the bags credit the defendant for the images reproduced thereupon as follows: (a) Vincent van Gogh, Old Vineyard with Peasant Woman and Landscape with Houses, 1890 ® Van Gogh Museum © VGME B.V. and (b) Vinvent (sic) van Gogh, Self-Portrait with Straw Hat, 1887 ® Van Gogh Museum © VGME B.V. The tray does not credit the defendant. These items, which are either currently or have been recently offered for sale in New York, are clearly identified as bearing proprietary images owned by defendant and as such constitute a regular source of income to defendant originating in New York. The sale of proprietary imagery in New York from a New York shop associated with a renowned New York cultural institution like the Morgan clearly constitutes doing business in New York by any formulation.

CPLR Section 302(a) provides the standard for when it is appropriate for New York courts to exercise jurisdiction.

    (a) Acts which are the basis of jurisdiction

        1. Transacts any business within the state of contracts anywhere to supply goods or services in the state.

9

This expansive view of personal jurisdiction conforms with the liberal standard articulated over seventy-five years ago in the well known case of International Shoe Co. v. Washington, 326 U.S.310 (1945).

Personal jurisdiction is constitutional when a defendant has minimum contacts with the state where a lawsuit is brought such that notions of fair play and substantial justice would not be offended. CPLR 302 (a) is a "single act statute". Kreutter v McFadden Oil Corp., 71 N.Y.2d 460, 467 (1988); see Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 N.Y. 3d 65, 71 (2006).

"[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" Kreutter, op cit., Deutsche Bank Sec., Inc. op cit. "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'" Fischbarg v Doucet, 9 N.Y.3d 375, 380 (2007), quoting McKee Elec. Co. v Rauland-Borg Corp., 20 N.Y.2d 377, 382 (1967).

It is admitted that CPLR 302[a][1] also requires that the claim "arise" from the acts that constitute the transaction of business upon which jurisdiction is grounded. In Licci v Lebanese Can. Bank, 20 N.Y.3d 327, 339-40 (2012), the Court of Appeals explained that requirement as follows:

"We have interpreted the second prong of the jurisdictional inquiry to require that, in light of all the circumstances, there must be an "articulable nexus". McGowan v Smith, 52 N.Y.2d 268 (1981) or a "substantial relationship" ... between the business transaction and the claim asserted. We have consistently held that causation is not required, and that the inquiry under the statute is relatively permissive (see McGowan, 52 NY2d at 272; Kreutter, 71 NY2d at 467). But these standards connote,

at a minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim...."

In the case at bar, defendant, the world's leading collection of and leading authority as to the works of Vincent Van Gogh, has in part established itself as the world's leading authority by actively exhibiting works from its collection in major world art centers like New York and in promoting its collection and authority in connection with the works of Van Gogh but selling merchandise related to exhibits in which it has participated. It is largely through its exhibitions and commercial activities in world art centers like New York that defendant has developed the reputation and authority to dictate terms and conditions to anyone seeking authentication of a work attributed to Van Gogh, an authority which did not exist when the same trove of paintings, drawings and letters merely belonged to the Van Gogh family and had not been catalogued, promoted, exhibited, loaned and merchandised internationally, especially in major art capitals like New York, London and Paris. Thus, although the action at bar does not flow directly from defendant's commercial activities in New York, there is indeed a logical and irrefutable nexus sufficient to uphold jurisdiction over the defendant pursuant to CPLR Section 302(a)(1).

## CONCLUSION

The choice of law and forum selection provisions of the General Terms incorporated by reference into the agreement of the parties constitute violate the fundamental due process rights of the plaintiff and as such represent a contract of adhesion which cannot be enforced against him. Defendant, a world level cultural institution, has derived much of its authority and prestige from its exhibits and commercial activities in New York, one of the world's art capitals. As such it is only fair to require it to defend this action here in New York.

Dated: New York, New York
       February 2, 2022

Respectfully submitted

_____
The Law Offices of Mitchell Cantor
225 Broadway, Suite 1515
New York, NY 10007
(917) 621-5802
mc@mcantorlawoffice.com
Attorneys for plaintiff

To: Folkman LLC
    53 State St., Suite 500
    Boston, MA 02109
    (617) 219-9664
    ted@folkman.law
    Attorneys for defendant

    Stone Law Group PLLC
    1700 Broadway, 41st Floor
    New York, NY 10019
    (212) 292-5690
    Attorneys for defendant